Scott, J.
The statute relied upon by counsel, as conferring the power claimed for the city council, is the 33d section of 11 an act to provide for the organization of cities and incorporated villages,” which gives to such corporations the “ power to make and publish such by-laws and ordinances, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof.” Swan’s Stat. 964.
But the powers here conferred are expressly limited, in the preceding part of the same section, to such ordinances as are “ not inconsistent with the laws of this state.” And this limitation, even if not expressed, must, doubtless, be regarded as implied in all such general grants of power; for it must be presumed that the legislature would not intend to give to a corporation the power of contravening and defeating state policy by ordinances inconsistent with the laws of the state. Is, then, the second section of this ordinance consistent with the policy of the state as indicated by her legislation?
*By a statute of this state, entitled “ an act for the pre-
vention of certain immoral practices,” passed in 1831, and still in force, it is enacted, in the first section: “ That if any person, of the *354 age of fourteen years or upward, shall be found, on the first day of the week, commonly called Sunday, sporting, rioting, quarreling, hunting, fishing, shooting, or at common labor (works of necessity and charity only excepted), he or she shall be fined in a sum not exceeding five dollars, nor less than one dollar: Provided that nothing herein contained shall be construed to extend.to those who conscientiously do observe the seventh day of the week as the Sabbath ; nor to prevent families emigrating from traveling,” etc. The penalty imposed by this section clearly indicates the general policy of discriminating between secular days and Sundays, and of regarding the latter as a day of rest, upon which common labor, sports, and the employments therein named, are prohibited. But the exceptions which it contains are equally expressive of state policy. The statute proceeds on the principle that works of necessity may be performed on any day; that “it is lawful to do good, even on the Sabbath days and upon the further principle that persons who conscientiously observe another day of the week as the Sabbath, shall not be required to abstain from employments, otherwise lawful, on Sunday.
The ordinance in question contains no such general exceptions, in favor of necessity, charity, or creeds. It attempts to 'compel the observance of Sunday by Jew and Christian alike. It punishes, by fine, the opening of any shop, store, etc., or the shutters thereof, for the purpose of business, upon Sunday, without regard to the necessity, or the charity which may have required business to be done. Tavern-keepers and druggists alone are exempted from its operation. ■
It does not appear, from the_ record in this case, that the defendant is a person who conscientiously observes the seventh day of the week as the Sabbath ; but be that fact *as it may, such a plea must have been unavailing, if the second section of this ordinance be valid. But, in ignoring the statutory exceptions to which we have referred, and in assuming to punish acts which the statute, by clear inference, authorizes, the ordinance becomes inconsistent with the laws and policy of the state; and must, as to this section, be declared void. We are constrained so to hold, however sensible we may be of the duty to sustain municipal corporations, in the legitimate exercise of the powers conferred on *355 them, for the preservation of order, and improvement of morals, within their jurisdictions.

Judgment of the court of common pleas affirmed.

Brinkerhoee, C. J., and Sutlief, Peck and G-holson, JJ., concurred.